UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE JEAN-LOUIS,

                Plaintiff,

       -against-

MAYOR N.Y.C.,

                Defendant.

1:24-CV-0498 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently being treated in the Kirby Forensic Psychiatric Center, brings this action *pro se*. By order dated and entered January 26, 2024, the Court directed Plaintiff, within 30 days, to resubmit the signature page of his complaint with his original signature. (ECF 2.) By order dated January 29, 2024, and entered on February 2, 2024, the Court directed Plaintiff, within 30 days, to either pay the $405 in fees to bring this civil action or submit a completed and signed *in forma pauperis* ("IFP") application. (ECF 3.) In that same order, the Court noted that Plaintiff is barred, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from bringing a federal civil action IFP, while he is a prisoner, unless he is under imminent danger of serious physical injury.[1] (*Id.* at 1, n.1) (citing Section 1915(g), and *Jean-Louis v. Onafer Nuclear Power Plant*, No. 2:12-CV-1071, 2 (C.D. Cal. Feb. 22, 2012)). The Court assumed, at that time, that Plaintiff was not a prisoner for the

---

[1] Section 1915(g) provides that:

[i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

purposes of the PLRA, and that, therefore, with respect to this action, he was not subject to the abovementioned Section 1915(g) filing bar. (*Id.*) The Court, however, warned Plaintiff that, if it "learns that Plaintiff filed his complaint while a prisoner, as defined by the PLRA, the Court will examine whether he is barred from bringing this action IFP under the Section 1915(g) filing bar." (*Id.*)

On February 21, 2024, the Court received from Plaintiff an IFP application, requesting to proceed in this action IFP, and indicating that he is currently incarcerated. (ECF 4.) On that same date, the Court received from Plaintiff a signed amended complaint, which is the operative pleading for this action. (ECF 5.)

According to New York State court records, a criminal action was brought against Plaintiff in the New York Supreme Court, New York County, which remains pending, and it appears that, on March 9, 2023, that court ordered Plaintiff's temporary treatment and/or assessment in a mental hospital. *People v. Jean Louis*, IND-72778-22/001 (N.Y. Sup. Ct, N.Y. Cnty.) Thus, it seems that, on or about January 18, 2024, when Plaintiff delivered his original complaint to hospital officials for its mailing to this court,[2] he was a prisoner, as defined by the PLRA. *See* § 1915(h) (for the purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program."); *Gibson v. City Mun. of New York*, 692 F.3d 198, 199 (2d Cir. 2012) ("[A] person who has been charged with a crime and is being held

---

[2] Plaintiff neither signed nor dated his original complaint, and he did not indicate in it when he delivered it to hospital officials for its mailing to this court. (ECF 1.) The envelope that contained his original complaint, however, was postmarked on January 18, 2024, and again on January 20, 2024. (ECF 1, at 2.)

prior to trial under a temporary order of observation at a mental health institution, pursuant to New York state law, is a 'prisoner' within the meaning of the [PLRA].").

As discussed above, Plaintiff is barred, under the "three-strikes" provision of the PLRA, 28 U.S.C. § 1915(g), from bringing any new federal civil action IFP, while he is a prisoner, unless he is under imminent danger of serious physical injury. *See Jean-Louis v. Mayor City of New York*, ECF 1:23-CV-4286, 2 (S.D.N.Y. May 25, 2023) (recognizing Plaintiff as barred under Section 1915(g) and listing his "strikes"); *Jean-Louis*, No. 2:12-CV-1071, 2 (C.D. Cal. Feb. 22, 2012) (same). Since the Court has determined that Plaintiff was a prisoner at the time that he filed this action, and because he seeks to proceed in this action IFP, under Section 1915(g), he is barred from proceeding with this action IFP, unless he shows that he was under imminent of serious physical injury at the time that he filed his original complaint.[3]

Neither Plaintiff's original complaint nor his amended complaint show that Plaintiff was under imminent danger of serious physical injury at the time that he filed his original complaint. Instead, Plaintiff, in both his original and amended complaints, appears to be asserting claims against the Mayor of the City of New York due to the Mayor's alleged negligence in failing to: (1) build underground nuclear fallout shelters; (2) stockpile food, water, and medical supplies; and (3) conduct emergency evacuation disaster drills. (ECF 1 & 5.) Plaintiff is therefore barred, under Section 1915(g), from bringing this action IFP.

---

[3] An imminent danger is one "existing at the time the [original] complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time [the original] complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses this action without prejudice, under the PLRA's "three-strikes" filing bar.[4] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred, under Section 1915(g), from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent threat of serious physical injury.[5] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:  March 5, 2024
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[4] Plaintiff may commence a new federal civil action by paying the required fees. If Plaintiff does so, that new civil action's complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[5] The court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the required fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including a "leave of court" requirement).